# Exhibit B

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

RONALD MARSHALL, LEROY BROWN and )
WILLIE DAVIS, Individually, and on behalf of all )
other persons similarly situated, )
)
)
Plaintiffs, )
)
)                                          Civil Action No.:  11CV9267-2
vs. )
)                                          Jury Trial Demanded
R. COMMUNICATIONS INC. d/b/a R2R )
COMMUNICATIONS, KAREN A. HARDY and )
CHARLES PLEASANT, )
)
)
Defendants. )

## COMPLAINT

This is an action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201

*et seq.*, to recover money damages and for other relief for unpaid overtime owed to Ronald

Marshall, Leroy Brown and Willie Davis ("Plaintiffs") and all other similarly situated persons.

## PARTIES

1.

Plaintiff Leroy Brown is a current employee of Defendants who has been employed by

Defendants from on or about November 13, 2010, to the present as a field technician for the

installation of digital cable, high speed internet and digital phone services based out of

Defendants' Lithonia, Georgia location.

2.

Plaintiff Ronald Marshall is a former employee of Defendants who was employed by

Defendants from on or about September 27, 2010, through April 7, 2011, as a field technician for

- 1 -

the installation of digital cable, high speed internet and digital phone services based out of Defendants' Lithonia, Georgia location.

3.

Plaintiff Willie Davis is a former employee of Defendants who was employed by Defendants from on or about September 2009 to April 2011, as a field technician for the installation of digital cable, high speed internet and digital phone services based out of Defendants' Lithonia, Georgia location. Defendants classified Plaintiff Davis as a 1099 "independent contractor" and as a W-2 employee for separate portions of his employment with the company. Despite being classified as a 1099 independent contractor for a portion of his employment, at all times relevant herein, Plaintiff Davis was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

4.

Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals who work or have worked for Defendants as field technicians, installers or service technicians (hereinafter collectively "Technicians") at any time within three years prior to the filing of this Complaint who consent to the representation, pursuant to 29 U.S.C. § 216(b). Plaintiffs' consents to serve as employee representatives are attached hereto collectively as Exhibit "A" and incorporated herein.

5.

Plaintiffs are each an "employee" within the meaning of 29 U.S.C. §203(e).

6.

Defendant R. Communications Inc. d/b/a R2R Communications (hereinafter "R2R") is a Georgia corporation with its principal place of business in Lithonia, DeKalb County, Georgia.

Defendant R2R may properly be served with Summons and process of this action upon its registered agent, Karen A. Hardy, at 2232 Briar Knoll Road in Lithonia, DeKalb County, Georgia.

7.

Defendant R2R is subject to the jurisdiction of this Court and venue is proper.

8.

Defendant R2R is a provider of installation of digital cable, high speed internet and digital phone services (hereinafter "Cable Installation") for large cable companies such as Comcast and is an "employer" within the meaning of 29 U.S.C. § 203(d). Defendant R2R operates in interstate commerce, and upon information and belief, Defendant R2R has had at least $500,000 in gross sales made or business done per year at all relevant times hereto.

9.

Defendant Charles Pleasant is and was at all times relevant hereto, an owner of Defendant R2R who oversaw its day to day business operations, including without limitation, the setting of pay and payment of payroll to Plaintiffs and others similarly situated. Defendant Charles Pleasant may properly be served with Summons and process of this action at his residence at 2232 Briar Knoll Road in Lithonia, DeKalb County, Georgia.

10.

Defendant Charles Pleasant is subject to the jurisdiction of this Court and venue is proper.

11.

Defendant Charles Pleasant is an "employer" within the meaning of 29 U.S.C. § 203(d).

12.

Defendant Karen A. Hardy is and was at all times relevant hereto, the Chief Executive Officer, Chief Financial Officer and Secretary of Defendant R2R who was involved in its day to day business operations and may properly be served with Summons and process of this action at her residence at 2232 Briar Knoll Road in Lithonia, DeKalb County, Georgia.

13.

Defendant Karen A. Hardy is subject to the jurisdiction of this Court and venue is proper.

14.

Defendant Karen A. Hardy is an "employer" within the meaning of 29 U.S.C. § 203(d).

15.

Defendants are joint employers under the FLSA, as collectively they controlled the terms and conditions of each Plaintiffs' employment and that of each member of the class that Plaintiffs represent.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS AND THE CLASS THEY REPRESENT

16.

This action is brought by Plaintiffs on behalf of all current and former employees of Defendants who worked as Technicians at any time within three years prior to the filing of this Complaint for violations of the FLSA based upon Defendants' systematic failure to properly compensate them for all hours worked and for overtime hours worked each week.

17.

Plaintiffs and the class they represent all were employees engaged in interstate commerce and were employed by an enterprise engaged in interstate commerce, *i.e.* working for Defendants as Technicians for Cable Installation.

- 4 -

18.

Defendants originally classified its Technicians as "independent contractors." Upon information and belief, Defendants changed the classification of its Technicians from "independent contractors" to W-2 employees in or about late 2009. Although Defendants had classified its Technicians as "independent contractors," they were, in reality, Defendants' employees under the FLSA and other relevant laws and regulations.

19.

Plaintiffs and the class they represent worked for Defendants on a full-time and continuing basis. Plaintiffs and the class they represent did not sell or advertise their services to the general public, or work as technicians for anyone other than Defendants.

20.

Plaintiffs and the class they represent were subject to the direction and control of Defendants with regard to the manner and means of their job performance.

21.

The work period of Plaintiffs and the class they represent consisted of a seven (7) day calendar week.

22.

Plaintiffs and the class they represent were required by Defendants to participate in mandatory training for which they received no compensation.

23.

Defendants failed to pay Plaintiffs and each member of the class they represent minimum wages for hours spent in mandatory training.

24.

Plaintiffs and the class they represent were regularly required by Defendants to work in excess of forty (40) hours per week.

25.

Some, but not all, of the time worked by the Plaintiffs and each member of the class they represent was recorded by the handheld personal data assistant ("PDA") issued to each employee by the Defendants, and the data related thereto is in the exclusive custody and control of Defendants.

26.

Defendants also maintained in their exclusive custody and control dispatch logs, daily log sheets, work orders, time records, pay records, CSG records, Workforce records, Workforce Express records and other information, electronic information, and data concerning the work performed and hours worked by Plaintiffs and each member of the class they represent.

27.

Plaintiffs and the class they represent were paid on piece-rate or per job basis, which paid a set amount for performing specific tasks and services involved in Cable Installation.

28.

Defendants' payroll system of piece-rate or per job pay did not properly pay the Plaintiffs and each member of the class they represent minimum wages for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per week.

29.

Defendants maintained a policy and practice of making deductions from a Technician's compensation for certain matters, which include alleged deficiencies in service, back charges, alleged damages to Defendants' vehicles and lost inventory.

30.

Defendants maintained a policy and practice of making deductions from a Technician's compensation for the use of certain equipment, tools and administrative costs.

31.

As a result of these deductions, Defendants deduct money from a Technician's weekly pay, which further reduces that Technician's hourly rate, sometimes below minimum wage.

32.

The deductions by Defendants also reduce a Technician's overtime rate when working more than forty (40) hours in a week.

33.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA for Plaintiffs and each member of the class they represent.

34.

Plaintiffs and each member of the class they represent were required to be compensated at a minimum wage for each hour worked up to forty (40) hours in a given week.

35.

From July 24, 2008, through July 23, 2009, the applicable minimum wage rate was $6.55 per hour, which equals $262.00 for each forty (40) hour week.

36.

Since July 24, 2009, the applicable minimum wage rate is $7.25 per hour, which equals $290.00 for each forty (40) hour workweek.

37.

Plaintiffs and each member of the class they represent were required to be compensated at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

38.

Defendants have refused to adequately compensate Plaintiffs and the class they represent minimum wages for all hours worked and overtime compensation for hours worked in excess of forty (40) hours per week at the rates required by law.

39.

Defendants' failure to properly compensate Plaintiffs and the class they represent is ongoing.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### (Failure to Pay Minimum Wages or Overtime Wages)

40.

Plaintiffs reallege paragraphs 1 through 39 as if fully set forth herein.

41.

At all times during their employment, Plaintiffs and the class they represent were employees required to be paid a minimum hourly wage for every hour worked for the Defendants and overtime wages for all time actually worked in excess of forty (40) hours per week at one and one-half times their regular rate of pay.

- 8 -

42.

Defendants have violated the provisions of the FLSA, 29 U.S.C. § 206, § 207 and §215 by failing to pay Plaintiffs and the class they represent a minimum hourly wage for all hours worked and overtime wages for all time actually worked in excess of forty (40) hours per week at one and one-half times their regular rate of pay.

43.

Defendants' failure to compensate Plaintiffs and the class they represent at least a minimum wage for every hour worked for Defendants and overtime wages for all time actually worked in excess of forty (40) hours per week at one and one-half times their regular rate of pay is an intentional violation of the FLSA.

44. ·

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices and failure to compensate Plaintiffs and the class they represent a minimum wage for all hours worked and overtime wages for all time actually worked in excess of forty (40) hours per week at one and one-half times their regular rate of pay, was in violation of these laws.

45.

Said intentional and willful violations give rise to claims for relief under the FLSA for the Plaintiffs and for each member of the class they represent for underpaid minimum wage compensation for all hours worked and unpaid overtime for all time actually worked in excess of forty (40) hours per week at one and one-half times their regular rate of pay for three (3) years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid

compensation, declaratory relief and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

46.

By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

## COUNT II – DECLARATORY JUDGMENT

47.

Plaintiffs reallege paragraphs 1 through 46 as if fully set forth herein.

48.

An actual controversy exists between Plaintiffs and each member of the class they represent and the Defendants regarding: (1) whether Plaintiff and the class they represent were covered by the provisions of the FLSA; (2) whether Defendants have failed to comply with the requirements of the FLSA; and (3) whether Defendants' violations of the FLSA were willful.

49.

Plaintiffs and the class they represent show that they are entitled to a declaration of these rights.

50.

Pursuant to O.C.G.A. § 9-4-1 *et seq.* declaratory judgment is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other persons similarly situated, request this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this action to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b), authorize notice to be distributed to all those similarly situated, and permit those employees, past and present, who opt in to participate by filing proper written notice with the Court;

(c)     Issue a declaratory judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA;

(d)     Issue a declaratory judgment declaring that Defendants have failed to comply with the requirements of the FLSA;

(e)     Issue a declaratory judgment declaring that Defendants' violations of the FLSA were willful;

(f)     Award Plaintiffs and each member of the class they represent payment for unpaid minimum wages for hours worked and unpaid overtime wages for all time actually worked in excess of forty (40) hours per week at one and one-half times their regular rate of pay for the three (3) years preceding the filing of this Complaint;

(g)     Award Plaintiffs and each member of the class they represent payment of liquidated damages equaling 100% of their unpaid minimum wages and unpaid overtime wages;

(h)     Award Plaintiffs and each member of the class they represent prejudgment interest, to the extent liquidated damages are not awarded;

(i)     Award Plaintiffs and each member of the class they represent reasonable attorneys' fees and costs incurred in prosecuting these claims;

- 11 -

(j)    Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(k)    Grant leave to amend to add claims under applicable state and federal laws;

(l)    Grant leave to amend to add other Defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d), as may be determined at a later time;

(m)    Issue an order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

(n)    Award any such further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all other persons similarly situated, hereby demand a trial by jury to the extent authorized under the law.

Respectfully submitted this 19th day of August, 2011.

Respectfully submitted,

Lisa T. Millican
Georgia Bar No. 309046
GREENFIELD MILLICAN P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133

**COUNSEL FOR PLAINTIFFS**

- 12 -

CONSENT TO SERVE AS A
PLAINTIFF REPRESENTATIVE UNDER THE
FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Ronald Marshall, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Charles Pleasant, Karen Hardy, R. Communications Inc. d/b/a R2R Communications and/or any other R. Communications Inc. d/b/a R2R Communications subsidiary, related corporations, limited liability companies, entities, firms or persons and to represent the interests of the class members with respect to all cognizable claims for unpaid wages, overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This _11_ day of ___Aug___, 2011.

_____
Ronald Marshall

**EXHIBIT A**

CONSENT TO SERVE AS A
PLAINTIFF REPRESENTATIVE UNDER THE
FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Leroy Brown, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Charles Pleasant, Karen Hardy, R. Communications Inc. d/b/a R2R Communications and/or any other R. Communications Inc. d/b/a R2R Communications subsidiary, related corporations, limited liability companies, entities, firms or persons and to represent the interests of the class members with respect to all cognizable claims for unpaid wages, overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This 11th day of _August_, 2011.

Leroy Brown

CONSENT TO SERVE AS A
PLAINTIFF REPRESENTATIVE UNDER THE
FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Willie W. Davis, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Charles Pleasant, Karen Hardy, R. Communications Inc. d/b/a R2R Communications and/or any other R. Communications Inc. d/b/a R2R Communications subsidiary, related corporations, limited liability companies, entities, firms or persons and to represent the interests of the class members with respect to all cognizable claims for unpaid wages, overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This 18 day of August , 2011.

Willie W. Davis