# Exhibit 1

# SETTLEMENT AGREEMENT

*Ronald Marshall, et al. v. R. Communications, Inc. d/b/a R2R Communications, et al.,*
No. 1:11-cv-3222-TWT (N.D. Georgia)

This Settlement Agreement reflects the settlement terms between the Defendants R. Communications, Inc. d/b/a R2R Communications ("R2R"), Charles Pleasant, and Karen A. Hardy (collectively, "Defendants") and the Plaintiffs in Ronald Marshall, et al. v. R. Communications, Inc. d/b/a R2R Communications, et al., Court File No. 1:11-cv-3222-TWT (N.D. Georgia) ("Lawsuit").

1. **Scope of the Settlement.** The date of the execution of this Settlement Agreement is referred to herein as the "Effective Date." This Settlement Agreement includes all named and "opt-in" Plaintiffs who have filed consent forms with the Court as of March 30, 2012 (collectively, "Plaintiffs"). In the event the parties agree in good faith that any Plaintiff did not work in an eligible position during the class period ("Ineligible Plaintiff"), that Ineligible Plaintiff's claims shall be dismissed without prejudice and he or she shall be excluded from this Settlement Agreement.

2. **Court Approval.** Within five (5) business days after the execution of this agreement by the parties' counsel, Plaintiffs' counsel will send Defendants a draft motion for approval of the settlement and dismissal, including a draft Notice of Settlement and Release Agreement. Within ten (10) business days after the execution of this agreement by the parties' counsel, the parties shall file a joint motion for approval of the settlement. Within twenty (20) business days after the end of the Notice Period described in paragraph 5, the parties shall file a stipulation of dismissal of the action, identifying each individual who accepted or rejected the settlement.

3. **Settlement Amount.** Defendants agree to pay a total settlement amount of $150,000.00 inclusive of payments to Plaintiffs, attorneys' fees and litigation costs (the "Total Settlement Amount"). Defendants shall remain separately responsible for payment of the employer's share of payroll taxes resulting from settlement payments to Plaintiffs.

   Defendants agree the Settlement Amount of $150,000 is a compromise due to Defendants' financial situation and that $400,000.00 reflects the fair value of Plaintiffs' claims in the event of any Defendants' bankruptcy. If the terms of this agreement are not effectuated as the result of any Defendant filing bankruptcy after the Effective Date, or if the District Court for the Northern District of Georgia's authority to approve this settlement is stayed by reason of any Defendant filing for bankruptcy, Plaintiffs, by and through Plaintiffs' counsel, shall have the right to terminate this settlement and seek in bankruptcy the collective value of Plaintiffs' claims in the amount of $400,000.00. Defendants shall provide advance notice of and Defendant's intention to file bankruptcy and allow Plaintiffs ten (10) business days to rescind this Settlement Agreement for anticipatory default. Failure to provide advance notice of intention to file bankruptcy constitutes breach of this agreement, in which case the Plaintiffs may seek in bankruptcy the collective value of Plaintiffs' claims in the amount of $400,000.00.

1

**Settlement Amount to Be Held in Trust.** Within two (2) business days of the date this agreement is executed by the parties' counsel, Defendants shall deposit the Total Settlement Amount into the trust account of Briskin, Cross & Sanford, LLC ("BC&S"). BC&S shall upon receipt and deposit of the Total Settlement Amount into its trust account, confirm the receipt and deposit of the same to Nichols Kaster, PLLP's ("Nichols Kaster"). Within two (2) business days following the Court's approval of this agreement, BC&S shall tender the Total Settlement Amount to Nichols Kaster for deposit into Nichols Kaster's trust account. The Total Settlement Amount shall remain in Nichols Kaster's trust account until the funds are disbursed pursuant to paragraph 9. If, at any point, the Settlement Agreement is not approved by the Court, the parties shall meet and confer in good faith in order to address the Court's concerns, and the funds shall remain in trust during the Court's reconsideration. If, after the Court rules on the parties' joint motion for settlement approval, the parties agree in good faith that the material terms of this Settlement Agreement cannot be consummated, Nichols Kaster will release the funds to Defendant R2R within five (5) business days of the parties' agreement.

4. **Allocation of the Settlement Amount.** Plaintiffs' counsel will compute an allocation of the Settlement Amount within ten (10) business days of the date this agreement is executed by the parties' counsel. The following deductions will made from the Settlement Amount before it is allocated among the Plaintiffs: one-third of the Total Settlement Amount for Plaintiffs' attorneys' fees; Plaintiffs' attorneys' costs; and service payments to current and former named Plaintiffs Ronald Marshall, Leroy Brown, Willie Davis, Jermaine Banks, and Amadeus Marria in the amount of $750 each. In addition, $5,000 a contingency fund will be withheld from the allocation for the purpose of further the purposes of settlement. Any remainder from this fund will be re-allocated to Plaintiffs.

5. **Notice of Settlement.** Plaintiffs' counsel will send Notice of Settlement to each Plaintiff within five (5) business days of Court approval of the settlement. The Notice for each Plaintiff will include his or her individual allocation and the terms of the release. Plaintiffs will have forty-five (45) days from the date the notices are sent to accept or reject their settlement offers ("Notice Period").

6. **Confidentiality.** The Notice of Settlement shall include a confidentiality clause, to be agreed upon by the parties in good faith, requiring Plaintiffs to keep the Settlement Agreement and the amount of their individual allocations confidential. This provision is subject to Court approval.

7. **Scope of the Release.** Plaintiffs who accept the settlement will release all minimum wage and overtime claims under federal and Georgia state law they have or may have brought against Defendants. The claims of Plaintiffs who opt out of the settlement by requesting to be excluded, in writing, prior to the deadline for the return of all settlement releases will be dismissed without prejudice, their FLSA and Georgia state law statutes of limitations shall be tolled for 60 days, and their settlement allocations shall be retained by Defendants. The claims of Plaintiffs who do not respond to the settlement notice will be dismissed without prejudice, and their settlement allocations shall be retained by Defendants.

8. **Right to Revoke.** Defendants retain the right to void the agreement if five (5) Plaintiffs reject their settlement offers in writing. Non-responsive Plaintiffs and Ineligible Plaintiffs do not count toward this number. In the event Defendants void the agreement pursuant to this provision, Nichols Kaster shall refund the entire $150,000.00 to Defendants within five (5) business days of receiving notice of revocation from Defendants.

9. **Disbursement of the Settlement Amount.** The parties will coordinate payment of Plaintiffs' Allocations amount through Defendants' payroll service provider. Within five (5) days of the conclusion of the Notice Period, Nichols Kaster will transfer the portion of the funds allocated to Plaintiffs who accept their settlement offers to Defendants' payroll service provider. The transferred funds shall be held in an account that Defendants have no access to or control over, and Defendants shall not be able to withdraw any portion of the funds from the account.

   Within ten (10) days of the conclusion of the Notice Period, Defendants' payroll service provider shall issue two settlement checks to each participating Plaintiff and deliver them to Nichols Kaster. The first check will constitute one-half of the settlement payment and will be reported as wages for tax purposes, with each Plaintiff receiving an IRS Form W-2 for this portion of the settlement payment. The second check will cover the remaining half of the settlement payment and shall constitute payment for liquidated damages, with each Plaintiff receiving an IRS Form 1099 for this portion of the settlement payment. Also within ten (10) days of the Court's approval of the settlement, Nichols Kaster shall distribute the amounts allocated as attorneys' fees and costs to Plaintiffs' counsel. Defendants shall report these amounts on an IRS Form 1099 to Plaintiffs' counsel.

   Checks not negotiated (cashed) within 120 calendar days after issuance of the checks will be void. The money from all checks that remain uncashed after the void date shall be donated to the cy pres beneficiary identified in paragraph 11.

   Nichols Kaster shall return to Defendants the amount allocated to any Plaintiff who either rejects or fails to timely respond to the settlement offer.

10. **Reissued Checks.** Ninety (90) days after the settlement checks are distributed, Defendants will provide Plaintiffs' counsel with a list of all Plaintiffs who have not cashed their settlement check(s). Checks not negotiated (cashed) within 120 calendar days after issuance of the checks will be void. Defendants shall cooperate with Plaintiffs' counsel to reissue any lost or damaged settlement checks, as long as Plaintiffs' counsel informs Defendants of the need to reissue the settlement checks within 119 calendar days after the mailing of the original settlement check. Each Plaintiff shall then have thirty additional days after Plaintiffs' counsel mails the the reissued settlement checks to cash the checks, or such checks will be void and the money shall be reallocated to the cy pres beneficiary identified in paragraph 11.

11. **Cy Pres.** If any settlement checks remain uncashed after 120 days and are void, or any reissued settlement are not cashed within the time specified in paragraph 10, the parties

3

agree to donate this amount to a legal aid organization selected by Plaintiffs' counsel. Defendants' payroll service provider shall send the check made out the *cy pres* beneficiary to Plaintiffs' counsel within ten days after the deadline for cashing checks, and Plaintiffs' counsel shall send the check to the beneficiary.

12. **Timeline for Settlement Approval and Distribution.** The parties agree to follow the following timeline to regarding settlement approval, distribution of notice, and distribution of settlement checks:

    - *Within 2 business days of the execution of this agreement by the parties' respective counsel:* Defendants shall deposit into Briskin Cross & Sanford, LLC's ("BC&S") trust account. BC&S shall verify receipt and deposit of the total Settlement amount to Nichols Kaster, PLLP ("Nichols Kaster").

    - *Within 5 business days after execution of this agreement by the parties' respective counsel:* Plaintiffs' counsel will send Defendants a draft motion for approval of the settlement, including a draft Notice of Settlement and Release Agreement.

    - *Within 10 business days after execution of this agreement by the parties' respective counsel:* the parties shall agree upon and file a joint motion for approval of the settlement with the Court.

    - *Within 10 business days after execution of this agreement by the parties' respective counsel:* Plaintiffs' counsel will provide an allocation of the Settlement Amount to Defendants' counsel.

    - *Within 2 business days of approval of the settlement agreement by the Court:* Defendants' Counsel will tender the total Settlement Amount to Plaintiffs' counsel for deposit into Nichols Kaster's trust account.

    - *Within 10 business days of approval of the settlement agreement by the Court:* Plaintiffs' counsel will send the Notice of Settlement to each Plaintiff.

    - *45 days after distribution of Settlement Notice*: Notice Period ends.

    - *Within 5 business after the Notice Period ends*: Nichols Kaster will transfer the portion of the funds allocated to Plaintiffs who accept their settlement offers to Defendants' payroll service provider.

    - *Within 10 business after the Notice Period ends*: Defendants' payroll service shall issue two settlement checks to each participating Plaintiff and deliver them to Nichols Kaster.

    - *Within 20 business days after the Notice Period ends:* the parties shall file a stipulation of dismissal.

- *90 days after the settlement checks are distributed*: Defendants will provide Plaintiffs' counsel with a list of all Plaintiffs who have not cashed their settlement check(s).

- *Within 10 days after the deadline to cash settlement checks*: Defendants' payroll service provider shall send the check made out the *cy pres* beneficiary to Plaintiffs' counsel, and Plaintiffs' counsel shall send the check to *cy pres* beneficiary.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| Dated: 5-4-12<br><br>_____<br>Michele R. Fisher, GA Bar # 076195<br>Charles G. Frohman, MN Bar #0386695*<br>NICHOLS KASTER, PLLP<br>4600 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 256-3200<br>Fax: (612) 215-6870<br>fisher@nka.com<br>frohman@nka.com<br>*admitted *pro hac vice*<br><br>Lisa T. Millican, Esq., GA Bar # 309046<br>GREENFIELD MILLICAN P.C.<br>The Grant Building, Suite 607<br>44 Broad Street, N.W.<br>Atlanta, Georgia 30303<br>Telephone: (404) 522-1122<br>Fax: (404) 522-1133<br>lisa.millican@lawofficepc.com<br><br>Joshua A. Millican, GA Bar #508998<br>LAW OFFICE OF JOSHUA A. MILLICAN, P.C.<br>The Grant Building, Suite 607<br>44 Broad Street, N.W.<br>Atlanta, GA 30303<br>Telephone: 404-522-1152<br>Fax: 404-522-1133<br>joshua.millican@lawofficepc.com<br><br>C. Andrew Head, GA Bar # 341473<br>FRIED & BONDER, LLC<br>White Provisions, Ste. 305<br>1170 Howell Mill Rd, NW<br>Atlanta, Georgia 30318<br>Telephone: 404-995-8808<br>Fax: 404-995-8899<br>ahead@friedbonder.com | Dated: 5/3/12<br><br>_____<br>Byron M. G. Sanford, GA Bar # 005055<br>BRISKIN, CROSS & SANFORD, LLC 1001<br>Cambridge Square, Suite D<br>Alpharetta, GA 30009<br>Telephone: 770-410-1555<br>Email: bsanford@briskinlaw.com<br>Counsel for Defendants<br><br>**R. COMMUNICATIONS, INC. D/B/A R2R COMMUNICATIONS**<br><br>Dated: 4-30-12<br><br>By: _____<br><br>**CHARLES PLEASANT**<br><br>Dated: 4-30-2012<br><br>_____<br>Charles Pleasant<br><br>**KAREN A. HARDY**<br><br>Dated: 4-30-12<br><br>_____<br>Karen A. Hardy |

6